IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Stephen Gregory Zamias, Sr.,<br>    Debtor(s)<br><br>Eric E. Bononi, Trustee,<br>    Movant<br>                     v.<br>Stephen Gregory Zamias, Sr.,<br>    Respondent(s) | Bankruptcy No. 19-70113-JAD<br><br>Chapter 7 |

**OBJECTION TO DEBTOR'S EXEMPTIONS**

AND NOW, comes the Trustee, Eric E. Bononi, by and through his attorney Eric E. Bononi, Esquire and Bononi & Company, P.C., and files the within Objection to Debtor's Exemptions, stating in support thereof as follows:

1. Stephen Gregory Zamias, Sr. (hereinafter "Debtor") filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on March 6, 2019.

2. This proceeding is a core proceeding over which this Court has jurisdiction pursuant to the provisions for 28 U.S.C. §157.

3. Eric E. Bononi (hereinafter "Trustee") was duly appointed Trustee and has been so serving.

4. On its original schedules at Doc. 11 and its amended schedules at Doc. 41, the Debtor lists his interests in multiple businesses, partnerships, LLC's and joint ventures, of which he lists the values as unknown.

5. On Schedule C of the Petition and amended schedules, the Debtor states, "All equity, if any, in the full value of the property" and claims a full exemption on each of the following assets:

    a. 403 Slater Street, Johnstown, PA 15905, Cambria County

    b. 2016 Audi A-6 38,000 miles

    c. Regular household wares

    d. Television and Cellular Phones

    e. Silver coins, signed autographs

    f. Suits, shirts, and shoes

    g. Rolex watch bought in 1986 for $8,600

    h.    Checking Account: 1st Summit Bank

    i.    First Summit Bank Stock: 1,550 shares at $123.00 as co-tenant with Maryann Lambrinos and is currently held by Somerset Trust against a $150,000 loan held with them.

    j.    Zamias Services, Inc. – 50% Shareholder

    k.    Bel Air Plaza Associates, a Pennsylvania general partnership – 28.71% Limited Partner

    l.    Hilltop Z, LP, a Pennsylvania limited partnership – 16% Limited Partner

    m.    University Park, GP, Inc., a Delaware corporation (and general partner of University Park Associates Limited Partnership) – 100% Sole Shareholder

    n.    University Park Associates Limited Partnership, a Pennsylvania limited partnership – 23% Limited Partner

    o.    Westwood Zamias GP Corp, a Pennsylvania corporation (and general partner of Westwood Zamias Limited Partnership) – 50% Shareholder

    p.    Westwood Zamias Limited Partnership, a Pennsylvania limited partnership (limited partner of Westwood Zamias Limited Partnership) – 29.3% Limited Partner

    q.    Indiana Mall GP, a Delaware corporation (and general partner of Indiana Mall Company Limited Partnership) – 16.3% Shareholder

    r.    Indiana Mall Company Limited Partnership, a Delaware limited partnership – 16.3% Limited Partners

    s.    Johnstown Galleria, LLC (member of Gemini Johnstown Galleria S, LLC) – 50% Membership Interest

    t.    Pitt Village Mezz GP Corp, a Pennsylvania corporation (and general partner of Pitt Village LP) – 26.825% Shareholder

    u.    Pitt Village Genpar Corp., a Pennsylvania corporation (and general partner of Pitt Village Mezz LP) – 26.825% Limited Partner

    v.    Pitt Village Mezz LP, a Pennsylvania limited partnership (and limited partner of Pitt Village, LP) – 26.625% Limited Partner

    w.    Tamaqua Z, LP (limited partner of Tamaqua Associates, LP) – 20.25% Limited Partner

    x.    ZGAL Associates, LP – 10.66% General Partnership Interest; 32.84% limited partnership interest

    y.    Zamias OBDC, LP (limited partner of OBDC Limited Partnership, which is a member of ZRAJ Olean, LLC) – 25% Partnership Interest

    z.    Zamias Oakmont Management, LLC – 25% Membership Interest

aa. ZEEFAM ODBC Corp. – 25% Shareholder

bb. Z-OBDC GP Corp. (general partner of OBCD Limited Partnership, which is a limited partner of ZRAJ Dunbar, LLC) – 25% Shareholder Interest

cc. Uni-Park Ground, Inc., a Delaware corporation – 100% Shareholder interest

dd. Uni-Park Ground Limited Partnership, a Pennsylvania limited partnership (limited partner of Uni-Park Ground, Inc.) – 23% Limited Partner

ee. ZGAL Associates Residual Limited Partnership, a Delaware limited partnership (limited partner of Pittsburgh Mills Residual, LP) – 10.66% General Partner

ff. ZGAL Associates Residual Limited Partnership, a Delaware limited partnership (limited partner of Pittsburgh Mills Residual, LP) – 30.5% Limited Partner

gg. UPMC Health Insurance through ZSI

hh. 1st Summit Life Insurance Beneficiary: Maryann Lambrinos

ii. Northwest Mutual Beneficiary: Maryann Lambrinos

jj. New York Life Beneficiary: Stephen Zamias, Jr., Danille Carlson, Jessica Zamias, and Jennifer Zamias

kk. TransAmerica Life Insurance: Debtor is 1/3 owner and a beneficiary (having 1/3 interest in any death benefit) Beneficiary: Stephen Zamias, Sr., Damian Zamias, Estate of Samuel Zamias

ll. ZSI Special Services Account for Debtor

mm. Money loaned to Zamias Services, Inc. (Shareholder Loan)

nn. Several policies of life insurance

6. On May 15, 2019, the Trustee held the 341 meeting, where the Trustee questioned why there were no values on each of the assets. The Trustee requested valuations be done and the schedules to be amended, of which the Debtor and Debtor's Counsel, Katherine Harrison, Esq. agreed.

7. On June 10, 2019, the Debtor filed an amended Schedule B. Schedule C was not amended.

8. The Trustee had his own valuations done on each entity, a copy is attached hereto as Exhibit A.

9. The Trustee objects to all exemptions taken pursuant to 11 U.S.C. § 522(d)(1), 11 U.S.C. § 522(d)(2), 11 U.S.C. § 522(d)(3), 11 U.S.C. § 522(d)(5), and 11 U.S.C. § 522(d)(7) as the Trustee avers that some and/or all of the Debtor's Claims have no exemption amount claimed and thus believes that the claims are not exempt under these sections or any other section of the Bankruptcy Code.

10. The Trustee does object to the use of any exemptions under the bankruptcy code as the debtor has failed to file an accurate schedule of assets and exemption claims and further cooperate with the Trustee. See *In re Azbill*, 385 B.R. 799 (B.A.P. 6th Cir.2008).

11. The Trustee's Special Counsel (Scott M. Hare and David K. Rudov) have also undertaken a review of public data bases and they have advised the Trustee that this debtor and the related debtor may hold equity positions in other entities that are not disclosed in the verified Schedule of Assets and Liabilities or Statement of Financial Affairs.

12. It is the Debtor's duty to exercise reasonable diligence in completing all of the documents fully and accurately.  11 U.S.C.A. §521.

13. Lack of sophistication of the Debtor is no excuse for any errors or admissions. *In re Murray*, 249 B.R. 223, 44 Collier Bankr. Cas. 2d (MB) 742 (E.D. N.Y. 2000).

14. Where property is omitted or insufficiently described, some courts hold that the exemption may be denied. *In re Hill*, 95 B.R. 293.298 (Bankr.N.D. N. Y. 1988). Exemptions have been denied where the debtor failed to disclose an asset in the bankruptcy schedules, *In re Barrows*, 408 B.R. 239, Bankr. L. Rep. (CCUH) P 81532 (B.A.P. 8th Cir. 2009); *In re St. Angelo*, 189 B.R. 24, Bankr. L. Rep. (CCH) P. 76820 (Bankr. D. R.I. 1995).

WHEREFORE, Eric E. Bononi, Trustee, respectfully requests this Honorable Court to issue an order disallowing the Debtor's claimed exemptions under 11 U.S.C. § 522(d)(1), 11 U.S.C. § 522(d)(2), 11 U.S.C. § 522(d)(3), 11 U.S.C. § 522(d)(5), and 11 U.S.C. § 522(d)(7).

|  |  |
|---|---|
| DATE: June 12, 2019 | Respectfully submitted, |
|  | */s/ Eric E. Bononi* |
| Prepared by: | Eric E. Bononi, Esquire |
| Eric E. Bononi, Esq. | 20 N. Pennsylvania Ave, Suite 201 |
|  | Greensburg, PA  15601-2337 |
|  | bankruptcy@bononilaw.com |
|  | (724) 832-2499 |
|  | PA ID# 44730 |